BOEHM, J.,
concurring in result.
I agree with Prickett and the majority that Prickett's criminal history and his resulting probation are not enough to enhance his sentence. However, I would find the use of force to be an aggravating circumstance justifying the sentence imposed by the trial court. Although the
majority finds the evidence not "weighty enough" based on the presence of inconsistent testimony, I do not believe it is appropriate for an appellate court to disregard the trial court's conclusion as to factual issues bearing on sentencing. The trial court found that this crime was committed by use of force.
Although I believe the trial court is in the best position to evaluate the credibility of these conflicting accounts, I agree that the sentence should be reduced for a different reason: the use of force was not found by a jury beyond a reasonable doubt as required by Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). See Smylie v. State, 828 N.E.2d 679 (Ind.2005). But for Blakely, I would not agree that Prickett's sentence must be reduced. However, after Blakely, I believe that Prickett's enhanced sentence violates the Federal Constitution. I therefore concur in the majority's conclusion that Prickett's sentence should be reduced to the presumptive thirty-year term.